MARK E. REAGAN (State Bar No. 143438)
SCOTT J. KIEPEN (State Bar No. 175504
FELICIA Y SZE (State Bar No. 233441)
KATHERINE R. MILLER (State Bar No. 247390)
**HOOPER, LUNDY & BOOKMAN, P.C.**
575 Market Street, Suite 2300
San Francisco, California 94105
Telephone:  (415) 875-8500
Facsimile:   (415) 875-8519
E-Mail: mreagan@health-law.com
        skiepen@health-law.com
        fsze@health-law.com
        kmiller@health-law.com

JOSEPH R. LAMAGNA (State Bar No. 246850)
**HOOPER, LUNDY & BOOKMAN, P.C.**
101 W. Broadway, Suite 1200
San Diego, CA 92101-3890
Telephone:  (619) 744-7300
Facsimile:   (619) 230-0987
E-Mail:  jlamagna@health-law.com

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| VALLEY VIEW HEALTH CARE INC. DBA RIVERBANK NURSING CENTER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD CHAPMAN, M.D., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF PUBLIC HEALTH, and THE CALIFORNIA DEPARTMENT OF PUBLIC HEALTH,<br><br>Defendants. | CASE NO. 1:13-cv-00036-LJO-BAM<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed:  January 9, 2013 |

///

///

///

////

///

2058605.1

1

JOINT STIPULATION AND PROTECTIVE ORDER

Plaintiffs Valley View Health Care Inc. dba Riverbank Nursing Center ("Riverbank"); The Stonebrook Convalescent Center, Inc. dba Stonebrook Healthcare Center ("Stonebrook"); Lifehouse Parkview Operations, LLC dba Parkview Healthcare Center ("Parkview"); Beverly Healthcare - California, Inc. dba Golden Living Center-Fresno ("Golden Living"); CF Modesto, LLC dba Country Villa Modesto Nursing & Rehabilitation Center ("Country Villa"); Avalon Care Center – Merced Franciscan, L.L.C. dba Franciscan Convalescent Hospital ("Franciscan"); and The California Association of Health Facilities ("CAHF") (collectively, "Plaintiffs"), and Defendants California Department of Public Health and its Director, Ronald C. Chapman, M.D. ("Defendants"), by and through their Counsel of Record, hereby STIPULATE as follows:

1. This Stipulation for Protective Order (Stipulated Protective Order or Protective Order) shall govern the use, disclosure, and dissemination of all information, documents, and/or materials as may be produced or disclosed by the parties and/or, admitted into evidence during deposition, conference, hearing, or trial within the above-captioned action as provided herein.

2. Discovery in this action may involve disclosure of confidential or other privileged documents or information under federal or state laws, including but not limited to private, confidential personal, medical and/or patient records, or individually identifiable health or medical information under the Health Insurance Portability and Accountability Act of 1996 (HIPPA) pertaining to any person, party or third party, official agency information of a confidential, non-public nature, including but not limited to confidential complainant names or other confidential internal agency investigatory information or deliberations, trade secrets, confidential research, development or commercial information, proprietary or copyrighted materials, including but not limited to manuals, business strategies, financial data, client and vendor information, marketing plans, and other confidential proprietary or non-public business, technical, employee, and financial information as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  This Stipulation for Protective Order shall govern the use and production in this action of documents or other information through formal discovery procedures, including, without limitation, documents or information in written or electronic form produced as initial disclosures, in response to requests

for production of documents, answers to special interrogatories, requests for admission, and deposition or other oral testimony (collectively "Discovery Materials"). This may include but shall not be limited to correspondence, memoranda, notes, deposition transcripts and exhibits, business plans, training materials, policies and procedures, financial records, personnel records, medical records, marketing materials, and third-party contracts.

3. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order or the production of any information or documents under the terms of this Protective Order or any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by any party on the merits of this action or as to any privilege claim or objection to any discovery request.

4. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Producing Party of its own information contained in its own documents and materials, regardless of whether such documents or information are designated Confidential Information by a Producing Party.

5. a. The term "counsel of record" means the undersigned attorneys and attorneys, paralegals, secretaries, and other support staff employed in the law firms for Plaintiffs and Defendants identified below:

**Counsel of Record for Plaintiffs**:
HOOPER, LUNDY & BOOKMAN, P.C.
575 Market Street, Suite 2300
San Francisco, CA 94105

&

101 West Broadway, Suite 1200
San Diego, CA 92101

**Counsel of Record for Defendants**:
CALIFORNIA STATE ATTORNEY GENERAL
1300 'I' Street, Suite 125
P.O. Box 944255
Sacramento, California 94244

b. The term "other attorney(s)" means in-house attorneys for Plaintiffs and

Defendants, as well as any other counsel retained in this action in the future.

    c.    The term "party" or Producing Party" or "Requesting Party" means one of the named Plaintiffs and/or Defendants in this action; and the term "parties" means all of the named Plaintiffs and Defendants in this action.

    d.    The term "disclose" or "disclosure" means to produce, reveal, disseminate, copy, divulge, give, show, or make available any document, information or material designated and identified as Confidential Information and made subject to this Joint Stipulation and Protective Order as provided herein.

## CONFIDENTIAL INFORMATION:

6.    Any document, thing, material, testimony, or other information derived therefrom, and any other form of evidence which, in the good-faith opinion of the party providing such Discovery Materials ("Producing Party"), contains any confidential or other privileged information under federal or state laws, including but not limited to private, confidential personal, medical and/or patient records, or individually identifiable health or medical information under the Health Insurance Portability and Accountability Act of 1996 (HIPPA) pertaining to any person, party or third party, official agency information of a confidential, non-public nature, including, but not limited to confidential complainant names or other confidential internal agency investigatory information or deliberations, trade secrets, confidential research, development or commercial information, proprietary or copyrighted materials, including, manuals, business strategies, financial data, client and vendor information, marketing plans, and other confidential proprietary or non-public business, technical, employee, and financial information as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G), may be designated by the Producing Party as "CONFIDENTIAL INFORMATION."

7.    Confidential Information may be designated, identified and made subject to this Protective Order as follows:

    a.    With respect to documents or copies of documents provided by one party to the other, by marking the initial page and any page or pages upon which any Confidential

Information appears with a legend designating that the page is confidential, subject to this Protective Order. The terminology used to mark the documents as confidential, subject to this Protective Order is left to the discretion of the party so designating, but must be done in a manner, with wording that makes clear the intent the document be treated as confidential, subject to this Protective Order. For example, the designating party can mark the document simply with the designation "SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL," or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

    b. The designating party can also designate and mark the document or page containing Confidential Information of a highly confidential, sensitive and/or proprietary nature, as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" ("ATTORNEYS EYES ONLY MATERIALS") and made subject to this Protective Order. Attorneys Eyes Only Materials and the information contained therein shall be disclosed only to the Court pursuant to paragraph 9b, counsel of record pursuant to paragraph 9c and qualified persons pursuant to paragraphs 9d, 9e, and 9f, and shall not be disclosed to any party nor to an officer, director, or managing agent of a party pursuant to paragraph 9a, nor disclosed to a party's "other attorney(s)" as defined in paragraph 5b, nor disclosed to any CAHF member, any representative of a party, or any other person or entity affiliated with any party, nor disclosed to any other person, unless otherwise agreed in writing by the designating party or unless otherwise ordered.

    c. Testimony or information disclosed at a deposition, conference or hearing may be designated by a party as Confidential Information by indicating on the record at the deposition, conference, or hearing the specific testimony which contains Confidential Information that is to be made subject to the provisions of this Protective Order. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential Information, and to label such portions appropriately. Alternatively, a party may designate testimony or information disclosed at a deposition or other proceeding as Confidential Information by notifying all parties in writing within thirty (30) days of receipt of the transcript (or within a shorter time as agreed by the parties

in the event the deposition transcript or information cannot be received thirty (30) days prior to a hearing or conference, at which a party intends to use the transcript or information), of the specific pages and lines of the transcripts that are to be designated Confidential Information (Notice of Confidential Information).  Each party shall attach a copy of the Notice of Confidential Information to the face of the transcript and each copy thereof in its possession, custody or control.  Whether or not designation is made at the time of a deposition or other proceeding, all depositions or other transcripts shall be treated as Confidential Information from the taking of the deposition or other proceeding until: (1) within thirty (30) days of receipt of the transcript;  or (2) within a shorter time as agreed by the parties in the event the deposition transcript or information cannot be received thirty (30) days prior to a hearing, or conference at which a party intends to use the transcript or information; or (3) until receipt of the notice referred to in this paragraph, whichever occurs sooner.

    d. In the case of responses to interrogatories, responses to other discovery requests, affidavits, briefs, memoranda, exhibits, or other papers filed with the Court, information contained therein may be designated as Confidential Information, subject to this Protective Order by prominently marking such responses or papers with same type of clear confidential terminology as provided in paragraphs 7a or 7b.

    e. Tangible objects may be designated as Confidential Information, subject to this Protective Order by affixing to the object or its container a label or tag marking it as confidential-subject to protective order, using the same type of clear confidential terminology as provided in paragraphs 7a or 7b.

    8 Notwithstanding the foregoing, any employee, agent, advisor, representative, or person affiliated with a party, or any other person or entity, who is not qualified to receive Confidential Information under Paragraph 9 herein may attend a deposition upon 5-day prior written notice to and agreement by the party taking the deposition and the deponent,  or who may attend other proceedings, at which Confidential Information may be disclosed.  In such event, a party seeking to designate Confidential Information must designate the specific testimony or

1 information containing Confidential Information by indicating on the record at the deposition or
2 other proceeding that such Confidential Information is subject to the provisions of this Protective
3 Order.  The party making such designation shall have the right to exclude such persons from the
4 deposition or other proceeding only during the period any Confidential Information is disclosed or
5 discussed.

6       9.    Confidential Information produced pursuant to this Protective Order to Requesting
7 Party may be disclosed or made available by that party only to the following designated "qualified
8 persons," except as otherwise provided in this Protective Order:

      a.    The Requesting Party, that party's "other attorney(s)" as defined under paragraph 5b, and those officer(s), director(s), or managing agent(s) of that party deemed by said party's counsel of record or "other attorney(s)" as necessary to assisting in the preparation of this action for trial or other resolution, except as otherwise provided herein, and provided that this Protective Order and Agreement to Comply with Protective under paragraph 13 has been executed by the Requesting Party's counsel of record, and each such person has received a copy of this Joint Stipulation and Protective Order.

      b.    The Court and its officers, any special master, referee or mediator authorized to act in this proceeding;

      c.    Counsel of record in this action and their employees or employee equivalents (e.g., contract paralegals, copy vendors, etc., provided employee equivalents have executed the Agreement under Paragraph 13), who are assisting counsel in the preparation of this action for trial or other resolution;

      d.    Experts or consultants retained by counsel of record or the Requesting Party with respect to preparation of this action for trial or other resolution, and their employees or employee equivalents who are assisting such experts or consultants with respect to the preparation of this action for trial or other resolution;

      e.    Court reporters and their staff, to the extent necessary to perform their duties in this action;

  f. A witness at any deposition or other proceeding in this action; and

  g. Any other person to whom the parties agree in writing.

10. With respect to material being designated as Confidential Information, any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof may be shown the same.

## GENERAL PROVISIONS:

11. Documents, information or testimony designated as Confidential Information subject to this Protective Order, and the information contained therein and any summaries, copies, abstracts, exhibits or other documents derived from said Confidential Information shall be used only for the purpose of the prosecution, defense, or settlement in proceedings in this action only and for no other purposes.  No person or party shall make any other use of Confidential Information for commercial or competitive purposes or use in any other legal proceeding, except as permitted by a Court order.  All Confidential Information subject to this Protective Order shall be held in confidence by those qualified persons defined under paragraph 9a through 9g inspecting or receiving it.  Counsel of record for each party, and each party or person receiving Confidential Information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure as defined in paragraph 5d of such information.  If Confidential Information is disclosed to any party or person other than a party or person authorized by this Order, the party or person responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

12. A condition precedent to disclosure of any Confidential Information to any party, to a party's "other attorneys" as defined in Paragraph 5b, to the officers, directors, or managing agents of a party as provided for in Paragraph 9(a), to counsel of record or to their employees or any employee equivalents as provided for in Paragraph 9(c), to any experts or consultants as provided for in Paragraph 9(d), to any witness as provided for pursuant to Paragraph 9(f), or to

the person whom the parties agree may receive information under Paragraph 9(g), is that person must: (a) acknowledge receipt of this Joint Stipulation and Protective Order; (b) agree to be bound thereby; (c) agree not to disclose any such Confidential Information or materials to any other person, entity, firm, or concern as provided in this Joint Stipulation and Protective Order; and (d) agree never to use the trade secrets or other proprietary information, directly or indirectly, in competition with the party that disclosed it nor allow any other person to do so.

13. Each expert or consultant to whom Confidential Information is to be provided pursuant to Paragraph 9(d), each employee equivalent (e.g., contract paralegal, copy venders) of counsel of record to whom Confidential Information is to be provided pursuant to Paragraph 9c, each witness to whom Confidential Information is to be provided pursuant to Paragraph 9(f), and each person to whom the parties may agree pursuant to Paragraph 9(g) shall execute an Agreement to Comply with Protective Order with a declaration acknowledging the foregoing in the form set forth as follows:

### AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I, _____, declare under penalty of perjury under the laws of the United States of America and the State of California that:

I have received Confidential Information subject to this Joint Stipulation for and Protective Order (Protective Order) as a qualified person under [mark applicable paragraph]:___ Paragraph 9(c); ___Paragraph 9(d), ___Paragraph 9(f); or ___ Paragraph 9(g) of this Protective Order.

I have read and agree to comply with and be bound by the terms of the Protective Order entered on _____, 2013, in *Valley View Health Care Inc., et al v. Ronald Chapman, et al.,* United States District Court for the Eastern District of California, Case No. 1:13-cv- 00036-LJO-BAM [Docket ____], including that I will not use or disclose as defined in paragraph 5d to any person, firm, corporation, or other entity, or concern, the contents of any Confidential Information subject to this Protective Order, except for the express purposes directly related to this litigation under which I received said Confidential Information. I also understand that any and all copies of any Confidential Information are to remain in my custody until I have completed my assigned

HOOPER, LUNDY & BOOKMAN, INC.
180 MONTGOMERY STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
TEL: (415) 875-8500 • FAX: (415) 875-8519

1  duties, whereupon I agree to return the copies to the Counsel of Record and/or destroy the copies

2  as provided in the Protective Order.

3    I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

4

5  Date:        Signature:

            Print Name:

6

            Print Address:

7

8    14. Counsel for the party obtaining a person's signature pursuant to the form described in Paragraph 13 shall retain the original signed and dated Agreement and provide a copy to the counsel of record for the designating party within 5 days of execution.

  15. If a "Receiving Party" (a party who has received disclosures or discovery material from a Producing Party) is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential Information, the Receiving Party must so notify the "Designating Party" (the party that designates the information as Confidential Information) in writing (by e-mail or fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

HOOPER, LUNDY & BOOKMAN, INC.
180 MONTGOMERY STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
TEL: (415) 875-8500 • FAX: (415) 875-8519

16. A Party may not file in the public record in this action any documents containing Confidential Information, including any Attorneys Eyes Only Material, without written permission from the Designating Party or a court order secured after a meet and confer and after appropriate notice to all interested persons.

In the event a party wishes to have documents filed under seal, that party shall file a duplicate disclosing all non-Confidential Information which shall be made part of the public record. The item may be redacted to eliminate Confidential Information from the duplicate document. The redacted document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously. Any documents to be filed under seal must be limited to only those documents, or portions thereof, necessary to protect such sensitive Confidential Information, until further order of this Court.

17. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like, designated as Confidential Information is in fact confidential or a trade secret; (b) with respect to the competency, relevance, materiality, or admissibility of any such information, document or the like; or (c) that any document or information is subject to production.

18. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to the designation shall notify counsel for the designating party and identify in writing with reasonable specificity, the objected-to materials and the grounds for the objection. The parties shall attempt to resolve any such dispute by meeting and conferring. If the dispute is not resolved by stipulation between the parties within ten (10) business days of receipt of such a notice of objections, the objecting party may apply to the Court for a determination of the issue. The materials at issue shall be treated as Confidential Information, as designated by the designated party, until the Court has ruled on the objection or the matter has otherwise been resolved.

19. The inadvertent or unintentional disclosure of or failure by a Producing Party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege as to such documents or materials.  Upon notice to the receiving party of such disclosure of or failure to designate, the receiving party shall cooperate to promptly return, retrieve, destroy or otherwise restore the confidentiality of the inadvertently disclosed information, without prejudice.

20. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

21. The Parties shall not use the designation Confidential Information on documents or information that they do not reasonably determine in good faith to be subject to the definition of Confidential Information under this Order.  The Court anticipates that the Parties will use reasoned judgment in designating documents or information as containing Confidential Information.  A document or information does not contain Confidential Information just because one of the Parties would be embarrassed for that information to become known to outsiders.

22. If a party believes that a witness or other person or entity already has or has obtained legitimate possession of Confidential Information, the party shall seek the Designating Party's written permission, or a court order, allowing the party or counsel to discuss the information with that individual or entity.

23. Transmission by either (1) email and fax; (2) email and overnight; or (3) fax and overnight are acceptable for all notification purposes herein.

24. This Stipulation for Protective Order may be modified by agreement of the parties, or by motion practice, subject to approval by the Court.

25. This Stipulation for Protective Order has been entered into by the parties to facilitate discovery and production of relevant evidence of a party's claims or defenses in this action.  Neither the entry into this Stipulation for Protective Order nor the designation of any

1  information or document as Confidential Information, nor the failure to make such designation
2  shall constitute relevant or admissible evidence with respect to any issue in this action.

3   26. This Stipulation for Protective Order is without prejudice to the right of the parties
4  to this litigation to seek relief from the Court, upon good cause shown, from any of the restrictions
5  provided above, or to seek a separate protective order for any particular document or information,
6  or to impose additional restrictions on the disclosure of any information or material produced as
7  provided by Fed. R. Civ. P. 26(c)(1)(A)-(H).

8   27. The procedures for filing Confidential documents and information set forth in this
9  Stipulation for Protective Order shall not apply to the introduction or presentation of evidence at
10 the trial of this matter.  Rather, in the event of trial, the Parties will meet and confer to discuss the
11 extent to which material that was designated Confidential Information, and any other material,
12 merits confidential treatment at trial, after weighing the balance between the reasons for
13 confidentiality versus the general rule that trials are to occur in public.  The Parties also will seek
14 Court assistance as needed in developing a new order on the extent to which the Court will permit
15 material introduced at trial to be maintained as confidential rather than public.

16  28. The provisions of this Stipulation for Protective Order are subject to further court
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

1  order, based upon public policy and other considerations.

2      We hereby stipulate to the entry of the foregoing Order.

3      IT IS SO STIPULATED.

5  DATED: July 29, 2013        HOOPER, LUNDY & BOOKMAN, P.C.

By: /s/ *Katherine R. Miller*
KATHERINE R. MILLER
Attorneys for Plaintiffs Valley View Health Care Inc. dba Riverbank Nursing Center; The Stonebrook Convalescent Center, Inc. dba Stonebrook Healthcare Center; Lifehouse Parkview Operations, LLC dba Parkview Healthcare Center; Beverly Healthcare - California, Inc. dba Golden Living Center-Fresno; Cf. Modesto, LLC dba Country Villa Modesto Nursing & Rehabilitation Center; Avalon Care Center - Merced Franciscan, L.L.C. dba Franciscan Convalescent Hospital; and the California Association Of Health Facilities

14  DATED: July 29, 2013        KAMALA D. HARRIS
Attorney General of California
ISMAEL A. CASTRO
Supervising Deputy Attorney General

By: /s/ *Pauline W. Gee*
PAULINE W. GEE
Deputy Attorney General
Attorneys for Defendants Ronald Chapman, MD, Director of the Department of Public Health and the California Department of Public Health

HOOPER, LUNDY & BOOKMAN, INC.
180 MONTGOMERY STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
TEL: (415) 875-8500 • FAX: (415) 875-8519

**PROTECTIVE ORDER**

The parties' Joint Stipulation for Protective Order under Rule 26(c) is hereby approved and granted.

IT IS SO ORDERED.

Dated: July 30, 2013                         /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE

HOOPER, LUNDY & BOOKMAN, P.C.
575 MARKET STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94105
TEL: (415) 875-8500 • FAX: (415) 875-8519

2058605.1

JOINT STIPULATION AND PROTECTIVE ORDER